IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID A. ARNDT, LEONARD HENRY, ADRIAN WERNER, WAYNE HALL, II, SHELLY R. SAWATZKY, LEON TULLIS, and MELLISSA VARNEY, all individually and pro se,<br><br>Plaintiffs,<br><br>v.<br><br>CHLOETA FIRE LLC, MARK MASTERS, in his official capacity as Chief Executive Officer, MERIDITH KEMP, in her official capacity as Director of Operation, JAMES STORMENT, in his official capacity as Project Manager, ALEX COMBOW, in his official capacity as Project Manager, EMILY COCHRAN, in her official capacity as Business Development, JOEL DEAN, in his official capacity as Dispatch Supervisor, CHET DODRILL, in his official capacity as Contract Administration, TROY GERMAN, in his official capacity as Project Manager, and CITY OF OKLAHOMA CITY,<br><br>Defendants. | Case No. CIV-24-00042-JD |

**ORDER**

On March 15, 2024, the Court issued an Order [Doc. No. 6] requiring Plaintiffs to show cause by March 29, 2024, why this case should not be dismissed for lack of subject-matter jurisdiction. In the Order, the Court advised that failure to do so may result in

dismissal of Plaintiffs' Complaint [Doc. No. 1] without prejudice. Plaintiffs have not filed a response to the Court's show cause order or made any other filing.[1]

Accordingly, the Court DISMISSES Plaintiffs' Complaint [Doc. No. 1] without prejudice for failure to comply with the Court's Order [Doc. No. 6]. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (stating that, even without a motion, a district court may *sua sponte* dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court"); *see also* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 15th day of April 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Mail to Plaintiff Leonard Henry of the Court's Order was returned as not deliverable [Doc. No. 7], but under Local Civil Rule 5.4, it is the responsibility of the pro se litigant to update his address with the Court. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (recognizing that the pro se litigant has the duty to bring a change of address to the attention of the court).